**In re VIKING I, INC., d/b/a Pine Island Resort Club I and Chickee Hut Restaurant, Debtor.**

**James JESSELL, Trustee, Plaintiff,**

**v.**

**Edward ALBECKER, Ursula Albecker, Gary Arndt, Elizabeth Arroyo, et al., Defendants,**

**and**

**State of Florida, Department of Business Regulation, Division of Florida Land Sales, Condominiums and Mobile Homes, Intervenors.**

**Bankruptcy No. 83–2411–9P7. Adv. No. 87–115.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 9, 1989.

James Jessell, Fort Myers, Fla., Successor Trustee.

William Shields, for plaintiff.

Thorton J. Williams, Tallahassee, Fla., for Dept. of Business Regulation.

Joseph and Marjorie Greenmore, pro se.

Edward and Ursula Albecker, pro se.

Robert and Reiko Furman, pro se.

Leonard and Maria Fairbrother, pro se.

Richard and Nancy Fabbro, pro se.

## ORDER ON JOINT MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon Motions for Summary Judgment filed by the Trustee, the Plaintiff in this adversary proceeding, and by the State of Florida, Department of Business Regulation, Division of Florida Land Sales, Condominiums and Mobile Homes (State of Florida), who intervened in this proceeding on behalf of the Defendants. Through his Complaint, the Trustee seeks a determination by this Court that the numerous individual Defendants in this proceeding do not have an interest in funds totalling $18,023.86 presently in the Trustee's possession. It is the contention of both the Trustee and the State of Florida that there are no genuine issues as to any material fact and this dispute may be determined as a matter of law. The undisputed facts relevant to a resolution of the motions under consideration are as follows:

Viking I (Debtor), the Debtor in this Chapter 7 liquidation case, was, at the time relevant, the developer of a condominium time-share project known as the Pine Island Resort Condominium. It is undisputed that the individual Defendants all entered into contracts with the Debtor for the purchase of the time-share units in the project. On March 16, 1981, the Debtor entered into an escrow agreement with North First Bank, n/m/a C & S National Bank of Florida, which purported to establish certain escrow accounts for funds received by the Debtor from time-share purchasers. However, contrary to the terms of the escrow agreement, the Debtor never established any escrow accounts with the Bank's Trust Department and thus, no escrow agent was appointed. Instead the Debtor established two commercial accounts, one labeled, "Viking I Escrow", Account No. 8018006, and one labeled "Viking I Ninety Percent," Account No. 8019584.

It is undisputed that at all times relevant, the condominium time-share project was not substantially completed and, therefore, the Debtor was required by law to comply with the provisions of Fla.Stat. § 718.202, which governs the treatment of down payments made by purchasers of condominium time-share units prior to closing. The Statute requires the developer to establish one escrow account controlled by an escrow agent for down payments of up to

10% of the sale price received by the developer from the time-share purchaser and one escrow account likewise controlled by an escrow agent for payments in excess of 10% of the sale price received by the developer from the purchaser prior to closing. As noted earlier, the Debtor never complied with the statutory requirements set forth in Fla.Stat. § 718.202, and there is no question that the Debtor never treated the accounts as segregated accounts maintained on behalf of the purchasers. It is without dispute that on occasion, the Debtor withdrew funds from these accounts, although it is not clear how the Debtor expended the funds once they were withdrawn.

It is the contention of the Trustee that as the Debtor did not establish the required escrow accounts, and that the Bank never treated these accounts as special escrow accounts, the Debtor deposited and withdrew funds received from time-share buyers in the two accounts as it deemed fit and it clearly treated these accounts as its own general operating unrestricted bank accounts, thus, the monies are general funds of the estate. Neither are these funds held in escrow nor funds impressed by a trust in favor of purchasers of time-share units. In addition, the Trustee also contends, although a proposition not very well articulated, that any interest the individual defendants may have in the funds may be avoided by the Trustee pursuant to § 544(a)(1) of the Bankruptcy Code.

In opposition the State of Florida contends that the treatment of the accounts was sufficient to satisfy the relevant Florida Statute, therefore, the funds never became properties of the estate and should be turned over to the State of Florida for the benefit of purchasers of time-share units.

The Court has considered the record, together with argument of counsel, and finds that the Trustee's Motion for Summary Judgment is well taken and should be granted for the following reasons:

§ 541 of the Bankruptcy Code provides that property of the estate includes all legal or equitable interests of the debtor in property. The funds involved in this controversy were not sufficiently insulated to put the world on notice that the monies were being held in escrow on behalf of the purchasers. Thus, it is evident that a judgment creditor of the Debtor could have garnisheed the funds on deposit and would have prevailed over any claim of the time-share purchaser. This being the case, the Trustee being armed with the special voiding power of a creditor who holds a judgment lien, whether or not such creditor exists under § 544(a)(1) would also prevail over the time-share purchasers. Based on the foregoing, this Court is satisfied that the Trustee's Motion for Summary Judgment should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Trustee be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the State of Florida be, and the same is hereby, denied.

A separate Final Judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.